# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN, | 1:12-cv-00077-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO ADD EXHIBITS TO COMPLAINT |
| v. | (Doc. 5.) |
| EDMUND G. BROWN, et al., | ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE |
| Defendants. | |

**I. BACKGROUND**

Paul C. Bolin ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 17, 2012. (Doc. 1.) On February 3, 2012, Plaintiff filed a motion to add exhibits to the Complaint. (Doc. 5.)

**II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT**

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

1

Plaintiff seeks to add exhibits to the Complaint. However, under Rule 220, Plaintiff may not amend the Complaint by adding information or exhibits piecemeal after the Complaint has been filed. To add the exhibit, Plaintiff must file a new, amended complaint. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the Complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course.

Should Plaintiff choose to amend the Complaint, Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants for unrelated claims. In addition, plaintiff should take care to include only those claims that have been administratively exhausted.

The amended complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to add exhibits to the Complaint is DENIED;

2. Plaintiff is informed that he has leave to amend the complaint once as a matter of course;

3. The amended complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:12-cv-00077-LJO-GSA-PC, and be an original signed under penalty of perjury; and

4. The Clerk of the Court shall send one civil rights complaint form to Plaintiff.

IT IS SO ORDERED.

Dated:   **February 7, 2012**               /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE