# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BOLIN, | 1:12-cv-00077-LJO-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| EDMUND G. BROWN, et al., | (Doc. 9.) |
| Defendants. | |

## I. BACKGROUND

Paul Bolin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 17, 2012. (Doc. 1.) On February 7, 2012, the Court transferred this case to the Northern District of California, based on venue. 28 U.S.C. § 1391(b). (Doc. 8.) On February 21, 2012, Plaintiff filed objections to the February 7, 2012 transfer order. (Doc. 9.) The Court treats Plaintiff's objections as a motion for reconsideration of the Court's order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

1

demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that this case should not have been transferred to the Northern District of California by the Magistrate Judge, because he did not consent to a Magistrate Judge to participate in this case. Plaintiff contends that he filed the case "in this District pursuant to a Judicial District in which a substantial part of the <u>event</u> or <u>omissions</u> giving rise to the Claims occurred." (Objections, Doc. 9 at 1.) Plaintiff also asserts that one of the named defendants, the Honorable Ronald M. Whyte, is within the Northern District, and the Court "Intend[ed] to Create a Conflict of Interest." (<u>Id.</u> at 2.)

To the extent that the basis for Plaintiff's objection is his decision to decline Magistrate Judge jurisdiction, Plaintiff misunderstands the effect of consenting to or declining Magistrate Judge jurisdiction. 28 U.S.C. § 636(b)(1) provides that

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion,

excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

This matter was referred to the undersigned pursuant to section 636 and Local Rule 302.

With respect to Plaintiff's other arguments, Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on February 21, 2012, is DENIED.

IT IS SO ORDERED.

Dated: **February 24, 2012**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE