**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL C. BOLIN,<br>Plaintiff,<br>v.<br>EDMUND G. BROWN, et al.,<br>Defendants. | 1:12-cv-00077 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff is a state death row inmate proceeding against Governors Schwarzenegger and Brown and various state and federal officials and judges for conspiring to cause lengthy delays in the state capital appeals process in violation of his federal rights.

Plaintiff was sentenced to death in 1991 for multiple counts of first degree murder with special circumstances. In 1998, the California Supreme Court issued an opinion affirming his death sentence. The U.S. Supreme Court denied Plaintiff's petition for a writ of certiorari. Plaintiff filed writs of habeas corpus both in the California Supreme Court and this Court. Proceedings remain pending in this Court.

**II. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III. Summary of Complaint**

Plaintiff's complaint is lengthy, difficult to decipher, and replete with legal commentary and citations. Plaintiff's central claim appears to be that he is incarcerated under an illegal sentence. Plaintiff alleges that Defendants have engaged in racketeering and in a criminal conspiracy to create "[an] illegal [state capital appeal] process." (Compl, 9:52.) He complains that habeas and collateral challenges have been suspended, creating years of delay in appointment of counsel and proceeding on the merits, ultimately prejudicing his ability to challenge his capital conviction. The process has required that he be represented by attorneys appointed by the state court through the state bar's nonprofit California Appellate Project, creating a conflict of interest and furthering the conspiracy against him. The foregoing, according to Plaintiff, amounts to effective suspension of habeas corpus in violation of the U.S. Constitution, obstructing justice

and violating his Fourteenth Amendment rights. Plaintiff seeks unspecified declaratory and injunctive relief.

**IV. Analysis**

**A. Younger Abstention**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). The rationale of Younger also applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994)(acknowledging that even if criminal trials were completed at the time of abstention decision, state court proceedings still considered pending). Plaintiff has pending with the California Supreme Court a petition for writ of habeas corpus. Accordingly, the Court will abstain from interfering with Plaintiff's ongoing state proceeding.

**B. Heck Bar**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 28 U.S.C. § 2254; Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Heck makes it clear that a § 1983 cause of action "attributable to an unconstitutional

conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. Any such claim is not cognizable and therefore should be dismissed. Wilkinson, 544 U.S. at 81-82 (clarifying that Heck applies to cases requesting damages as well as equitable relief); see Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995)(noting that a claim barred by Heck may be dismissed sua sponte without prejudice). The Heck rule usually precludes a prisoner-plaintiff from obtaining damages or equitable relief in a § 1983 action for alleged constitutional violations in connection with his criminal trial. The Heck rule also prevents a person from bringing an action that – even if it does not directly challenge the conviction or other decision – would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action. The decision must have been successfully attacked before the civil rights action is filed. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006)(Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by Heck because claim would necessarily imply invalidity of subsequent conviction).

Here, the complaint is first and foremost a challenge to the validity of Plaintiff's underlying conviction and sentence based on ineffective trial counsel and prejudice in post-conviction proceedings. Success on the merits of the complaint would necessarily imply the invalidity of his conviction and sentence. Plaintiff cannot recover monetary damages without first establishing pursuant to Heck that his conviction has been invalidated by "reversal on direct appeal, expungement by executive order, declaration of invalidity by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." Plaintiff has not made such a showing here.

Plaintiff styles his claim as a challenge to delays in the capital appeals process rather than as a challenge of his conviction. However, his state appeal process is complete. This Court

cannot now issue an order providing relief in the state court appeals process. (see e.g., Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011))(citing Hayes v. Ayers, 632 F.3d 500, 523 (2011)). Accordingly, any relief granted by this Court would necessarily be as to the conviction itself rather than the post-conviction capital appeal process.

In addition, it is well-settled that a prisoner seeking relief from a conviction may not bring an action for injunctive and declaratory relief because he has an available remedy in habeas. Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996)(citing Preiser, 411 U.S. at 475); see also Chatman-Bey v. Thornburgh, 864 F.2d 804, 808-10 (D.C. Cir. 1988); see also LoBue v. Christopher, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996)(district court lacked subject matter jurisdiction over a declaratory judgment action where habeas corpus remedy available).

For the reasons stated, Plaintiff's claims for injunctive, declaratory and monetary relief are Heck barred and fail.

**C. Sections 1983 and 1985**

Plaintiff alleges that the state capital appeals process has caused delays which prejudiced his ability to challenge his conviction in state and federal court. He alleges that these delays violate his federal due process and habeas corpus rights and certain federal criminal statutes, thereby giving rise to claims under 42 U.S.C. §§ 1983 and 1985.

1. Section 1983 Pleading Requirements

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th

Cir. 2009). . The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 684-85; Moss, 572 F.3d at 969.

2. Due Process

Plaintiff alleges that delay in the state capital appeal process violates his federal due process rights. The procedural guarantee of the Fourteenth Amendment's Due Process Clause applies only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672-73 (1977). Plaintiff does not have a federal due process right to a speedy state court appeal process. "[N]o clearly established federal law, as determined by the Supreme Court of the United States recognizes a due process right to a speedy appeal." Blair, 645 F.3d at 1158 (citing Hayes, 632 F.3d at 523). Plaintiff's claim that state capital appeal delay has violated his federal habeas rights does not state a cognizable § 193 claim.

3. Suspension of Federal Habeas Corpus

Plaintiff alleges that delay in the state capital appeal process unconstitutionally suspends his federal habeas corpus rights. The federal prohibition on suspension of habeas rights does not apply to delays caused by state action. "[I]t has been decided by the Supreme Court of the United States that [U.S. Const. art 1, § 9, cl. 2] does not apply to state action . . . and that the refusal by state authorities to entertain a petition for a writ of habeas corpus, therefore, does not raise a federal question." Geach v. Olsen, 211 F.2d 682, 684 (7th Cir. 1954). Plaintiff's claim that a state capital appeal delay has violated his federal habeas rights does not state a cognizable § 1983 claim.

4. Federal Criminal Statutes

Plaintiff alleges criminal counts of conspiracy, racketeering, terrorism and treason. Plaintiff may not file a criminal complaint against Defendants. 28 U.S.C. § 547 (stating that the United States Attorney "shall prosecute for all offenses against the United States"); Ivey v. National Treasury Employees Union, No. 05-1147 (EGS), 2007 WL 915229, *5 (D.D.C. Mar. 27, 2007); see also Figueroa v. Clark, 810 F.Supp. 613, 615 (E.D. Pa. 1992)(plaintiff "cannot

bring criminal charges against defendants through a private lawsuit.").

Moreover, where, as here, federal statutes contain provisions for criminal penalties, citizen suits, judicial review, or even administrative proceedings alone, the Supreme Court has found the remedial scheme sufficiently comprehensive to foreclose an independent § 1983 cause of action. See City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 121-22 (2005); see also Buckley v. City of Redding, 66 F.3d 188, 191-92 (9th Cir. 1995). Plaintiff's claim to criminal relief under federal criminal statutes does not state a cognizable § 1983 claim.

5. Exhaustion of Administrative Remedies

Plaintiff has not alleged exhaustion of his administrative remedies through the prison appeals process. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Act's exhaustion requirement applies to all prison actions. Williams v. Metropolitan Detention Center, 418 F.Supp.2d 96, 100-101 (E.D.N.Y. 2005). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008)(quoting Woodford v. Ngo, 538 U.S. 81, 87-88 (2006)). Plaintiff has not exhausted his administrative remedies for purposes of § 1983.

6. Section 1985

Plaintiff claims that Defendants have conspired to interfere with his civil rights pursuant to 42 U.S.C. § 1985. "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005)(quoting Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th

Cir. 1989)). For the reasons noted, Plaintiff's § 1983 claim fails. Accordingly, his § 1985 claim, predicated on the same operative facts and allegations, similarly fails.

## V. Conclusion and Recommendation

Plaintiff's claims are barred under Younger and Heck. He fails to allege facts stating any plausible civil rights claim under §§ 1983 and 1985. For the reasons stated, and given the current state of his various proceedings, leave to amend at this time would be futile.[1]

Accordingly, IT IS RECOMMENDED that the complaint be dismissed without prejudice under Younger and Heck and for failure to state a claim pursuant to §§ 1983 and 1985, and that the Clerk terminate all pending motions and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: July 18, 2012**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where the court determines that "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)(citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).